UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 06-20842-CIV-UNGARO-BENAGES

NOBLE SHAHEED AKBAR ALLAH-EL,

    Plaintiff,

vs.

CITY OF MIAMI POLICE DEPARTMENT,

    Defendant.

_____/



### DEFENDANT'S MOTION TO QUASH SERVICE

Defendant, CITY OF MIAMI POLICE DEPARTMENT, by and through undersigned counsel, and pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure, hereby moves to quash service of the complaint by mail, and as grounds therefore states as follows:

1. Plaintiff mailed a copy of the complaint by certified U.S. Mail to the City of Miami Police Department, 3500 Pan American Drive, Miami, Florida 33133. The above address is the City of Miami's City Hall address. At no time did Plaintiff obtain or request a waiver of service of process.

2. The papers mailed to the City of Miami Police Department did not contain a summons as required by Rule 4 of the Federal Rules of Civil Procedure.

### MEMORANDUM OF LAW

Service upon a municipal corporation is governed by Rule 4(j)(2), of the Federal Rules of Civil Procedure, which provides:



> (2) Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to **its chief executive officer** or by serving the summons and complaint **in the manner prescribed by the law of that state** for the service of summons or other like process upon any such defendant. [emphasis added].

Section 48.111(1) of the Florida Statues, prescribes the manner in which service of process may be made upon a municipality under state law. It provides:

> **48.111 Service on public agencies and officers.---**
> (1) Process against any municipal corporation, agency, board, or commission, department, or subdivision of the state of any county which has a governing board, council, or commission or which is a body corporate shall be served:
> (a) On the president, **mayor**, chair, or other head thereof; and in his or her absence;
> (b) On the vice president, **vice mayor**, or vice chair, or in the absence of all of the above;
> (c) On **any member** of the governing board, council, or **commission**. [emphasis added].

Plaintiff did not prepare a summons as required by Rule 4. Furthermore, Plaintiff did not comply with the state statue governing service on the mayor or vice mayor. Thus, the Complaint was not served as required in either Rule 4(j)(2) of the Federal Rules of Civil Procedure, or section 48.111(1) of the Florida Statutes. *See* Mendoza v. City of Miami, 483 F.2d 430, 431 (5th Cir. 1973)(personal service upon wife of chief executive officer of City improper under Section 48.111).

Plaintiffs must strictly comply with service requirements regardless of whether a defendant had actual notice of the action. *See* Cambridge Mutual Fire Insurance Co. v City of Claxton, GA, 720 F.2d 1230, 1232 (11th Cir. 1983)(action against City dismissed with prejudice where, although City had actual notice, process was improperly served by

2

mail, instead of personally as was required by Federal and applicable State rules, and plaintiff neglected to cure the defect prior to the running of the statute of limitation).

WHEREFORE, the Defendant, the CITY OF MIAMI POLICE DEPARTMENT moves this Court for an Order quashing the service of the complaint by mail.

JORGE L. FERNANDEZ, City Attorney
Christopher A. Green, Assistant City Attorney
Attorneys for Defendant
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801

By: _____
Christopher A. Green
Assistant City Attorney
Florida Bar No. 957917

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the below listed by mail this 23rd day of June, 2006:

**Noble Shaheed Akbar Allah-El, pro se**
2405 Cross Street N.W.
Atlanta, GA 30318

By: _____
Christopher A. Green
Assistant City Attorney
Florida Bar No. 957917

3