UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 06-20842-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE O'SULLIVAN

NIGHT BOX FILED
AUG 31 2006
CLARENCE MADDOX

NOBLE SHAHEED AKBAR ALLAH-EL,

    Plaintiff,

vs.

CITY OF MIAMI POLICE DEPARTMENT,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, CITY OF MIAMI POLICE DEPARTMENT, by and through undersigned counsel, and pursuant to Rules 12(b)(6) and 17(b) of the Federal Rules of Civil Procedure, and Title 28 U.S.C. Section 1915(d)(2)(B), hereby moves to dismiss the complaint, and as grounds therefore states as follows:

1. Plaintiff filed this *pro se* civil rights action without prepayment of fees pursuant to 28 U.S.C. Section 1915. (D.E. 2).

2. Plaintiff alleged that his constitutional rights were violated by his March 25, 2006 arrest for driving without a license. (D.E. 1). Plaintiff does not allege that the arrest was unlawful because he possessed a valid driver's license. Rather, Plaintiff alleges that, "Allah-El does not need a driver's license to travel on his own land." (D.E. 1). Plaintiff further alleged his constitutional rights were violated during the traffic stop when he was questioned without the benefit of Miranda warnings. (D.E. 1).



Case 1:06-cv-20842-UU   Document 14   Entered on FLSD Docket 09/05/2006   Page 2 of 5

Noble Shaheed Akbar Allah-El vs. Miami Police Department
Case no.: 06-20842-CIV-Ungaro-Benages

3. The City of Miami Police Department is not *sui juris* and not subject to suit.

4. The complaint should be dismissed for failing to state a cause of action. Secondly, the complaint should be dismissed as frivolous pursuant to Title 28 U.S.C. Section 1915(d)(2)(B).

## MEMORANDUM OF LAW

### I. A Police Department Is Not A Legal Entity Subject To Suit Under Florida Law

Under Rule 17(b) of the Federal Rules of Civil Procedure, capacity to sue or be sued shall be determined by the law of the state in which the district court is held. Under Florida law, "[w]here a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." Florida City Police Department v. Corcoran, 661 So.2d 409, 410 (Fla. 3rd DCA 1995).

The Eleventh Circuit's decision in Dean v. Barber, 951 F.2d 1210, 1214-1215 (11th Cir. 1992), is on point. In Dean, the plaintiff sued the Jefferson County Sheriff's Department in the Northern District of Alabama. The Eleventh Circuit affirmed the dismissal of the Jefferson County Sheriff's Department by the District Court finding that under Rule 17(b), and thus upon review of Alabama law, a county sheriff's department lacks the capacity to be sued.

Most importantly, the Eleventh Circuit was careful to note that its determination of lack of capacity to sue had no relationship to the fact that the plaintiff was proceeding under 42 U.S.C. Section 1983. Instead, the Eleventh Circuit held that "[t]he question here is not whether the Jefferson County Sheriff's Department is a "person" for purposes

Case 1:06-cv-20842-UU Document 14 Entered on FLSD Docket 09/05/2006 Page 3 of 5

Noble Shaheed Akbar Allah-El vs. Miami Police Department
Case no.: 06-20842-CIV-Ungaro-Benages

of liability under <u>Monell</u> and section 1983, but whether the Department is a legal entity subject to suit." <u>Id</u>.

Accordingly, the CITY OF MIAMI POLICE DEPARTMENT is not a proper defendant and the complaint should be dismissed.

## II. Plaintiff's Complaint Should Be Dismissed As A Frivolous Action Filed Pursuant To Title 28 U.S.C. § 1915(d)(2)(B)

Assuming *arguendo* that this Court finds Defendant is a proper party, Defendant moves to dismiss this action as frivolous action filed pursuant to the *in forma pauperis* statute. Title 28 U.S.C. Section 1915 provides for proceedings *in forma pauperis* in federal court. The statute provides for the waiver of costs and fees in actions filed by litigants attesting to their indigence. However, it further provides that the court shall dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(d)(2)(B) (2005).

Plaintiff alleges that his constitutional rights were violated by his March 25, 2006 arrest for driving without a valid driver's license and by his interrogation during a traffic stop without Miranda warnings. (D.E. 1). Although Plaintiff's complaint sets forth his constitutional rights, he does not invoke any remedial statute for the enforcement of those rights. Notwithstanding this omission, Plaintiff's allegations would not establish a cause of action even if he would have invoked the appropriate constitutional remedial statute.

Plaintiff's claim that he is free to "travel" on the roadways without a driver's license is without merit and should be dismissed as frivolous. Florida statute section 322.03 provides that a person may not drive a motor vehicle upon a highway in this state unless that person has a valid driver's license. Fla. Stat. § 322.03(1) (2005). A violation

Case 1:06-cv-20842-UU   Document 14   Entered on FLSD Docket 09/05/2006   Page 4 of 5

Noble Shaheed Akbar Allah-El vs. Miami Police Department
Case no.: 06-20842-CIV-Ungaro-Benages

of this statute is a second degree misdemeanor punishable by a maximum sentence of 60 days in jail. Fla. Stat. § 322.39(2) (2006), *see also* Bell v. State, 732 So. 2d 46 (Fla. 4th DCA 1999). The Supreme Court has held that an arrest for a minor traffic violation, such as driving without a valid license, does not violate the Constitution. Atwater v. City of Lago Vista, 121 S.Ct. 1536 1557 (2001). Moreover, the Supreme Court has held that the dictates of Miranda for custodial interrogations do not apply to ordinary traffic stops. Berkemer v. McCarty, 104 S.Ct. 3138, 3149 (1984). Therefore, Plaintiff's complaint fails to state a cause of action for a violation of Plaintiff's constitutional rights, and should be dismissed.

In Mohammed El v. Opdyke, 2004 WL 1465692 (N. D. Calf. 2004), a California District Court granted a motion to dismiss a Section 1983 complaint with allegations identical to the case at bar. In Opdyke, Plaintiff, a Moorish National, claimed he did not need a driver's license to travel in his private property, and brought suit against the police officer who cited him for not having a valid license pursuant to the California Vehicle Code. Id. The District Court in Opdyke found that the police officer was entitled to qualified immunity because Plaintiff failed to allege facts amounting to a deprivation of any constitutional right. Id. Furthermore, the District Court in Opdyke found that Plaintiff's complaint was "utterly frivolous" and awarded the defendant his attorney's fees pursuant to 42 U.S.C. Section 1988[1]. Defendant submits Plaintiff's complaint is subject to dismissal as a frivolous action under 28 U.S.C. Section 1915(d)(2)(B).

WHEREFORE, Defendant CITY OF MIAMI POLICE DEPARTMENT requests that this Court grant its motion to dismiss with prejudice.

---

[1] Defendant would have sought similar fees in this instance had Plaintiff pleaded his action pursuant to Title 42 U.S.C. Section 1983.

Noble Shaheed Akbar Allah-El vs. Miami Police Department
Case no.: 06-20842-CIV-Ungaro-Benages

JORGE L. FERNANDEZ, City Attorney
Christopher A. Green, Assistant City Attorney
Attorneys for Defendant
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801

By: /s/ Christopher A. Green
Christopher A. Green
Assistant City Attorney
Florida Bar No. 957917

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to the below listed by mail this __31__ day of August, 2006:

**Noble Shaheed Akbar Allah-El, pro se**
2405 Cross Street N.W.
Atlanta, GA 30318

By: /s/ Christopher A. Green
Christopher A. Green
Assistant City Attorney
Florida Bar No. 957917

5