UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 06-20842-CIV-UNGARO-BENAGES

NOBLE SHAHEED AKBAR ALLAH-EL,
    Plaintiff,
vs.

CITY OF MIAMI POLICE DEPARTMENT,
    Defendant.
_____/



## ORDER OF DISMISSAL

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss, filed August 31, 2006. (D.E. 14.)

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

On April 3, 2006, Plaintiff Noble Shaheed Akbar Allah-El filed this *pro se* civil rights action pursuant to 28 U.S.C. § 1915. (D.E. 1, 2.) Plaintiff alleges that his constitutional rights were violated when on March 25, 2006 he was stopped and arrested for driving without a valid driver's license. (Compl. ¶¶ 1, 2, 8.) Plaintiff alleges that as a Moorish National, he has a constitutional right to travel, including a right to drive without a license. *Id.* ¶¶ 8, 11. Plaintiff also alleges that his constitutional rights were violated during the stop because he was not read his rights. *Id.* ¶ 8. In its motion to dismiss, Defendant City of Miami Police Department argues that it is not a legal entity subject to suit. (Mot. ¶ 3.) Defendant argues that Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(d)(2)(B)[1] because Plaintiff fails to state a

---

[1] The Court notes that the correct statutory provision is 28 U.S.C. § 1915(e)(2)(B), and will treat Defendant's argument as having been made under subsection (e).



cause of action upon which relief may be granted and because the action is frivolous. *Id.* ¶ 4.

## LEGAL STANDARD

On a motion to dismiss the Court must view the complaint in the light most favorable to the plaintiff, *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969), and may only grant the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). *See also* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Moreover, the Court must, "at this stage of the litigation, . . . accept [the plaintiff's] allegations as true." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). *See also Brooks*, 116 F.3d at 1369. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## ANALYSIS

Defendant argues that Plaintiff's action should be dismissed because Defendant is not a legal entity subject to suit. The Eleventh Circuit has noted that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). However, "capacity to sue or be sued shall be determined by the law of the state in which the district is held." *Id.* (citing Fed. R. Civ. P. 17(b)). Under Florida law, municipalities have the power to sue and be sued, see Art. VIII, § 2(b), Fla. Const.; Fla. Stat. § 166.021, but this does not necessarily extend to a police department. "Where a police department is an integral part of the city government as the vehicle through which the city

2

government fulfills its policing functions, it is not an entity subject to suit." *Florida City Police Dep't v. Corcoran*, 661 So.2d 409, 410 (Fla. 3d DCA 1995) (quoting *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989)). The Court notes that City of Miami Code § 42-3 provides that the "responsibilities of the police department shall include, but not be limited to, the activities of police administration, traffic control, police patrols, training, criminal investigation, vehicle inspection, police property, police records and the complaint center." Thus, the Court finds that Defendant City of Miami Police Department meets the "integral" standard, and the action should be dismissed because Defendant is not an entity subject to suit.

Even assuming *arguendo* that Defendant were an entity subject to suit, Defendant further argues that Plaintiff's action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Defendant argues that Plaintiff's claims–(1) that his constitutional right to travel was violated when and he was stopped and arrested for driving without a valid driver's license, and (2) that his constitutional rights were violated during the stop because he was not read his rights– are without merit and should be dismissed because Plaintiff has not stated a cause of action upon which relief may be granted and because the claims are frivolous.[2] *Id.* In support of this argument, Defendant cites Florida statutes section 322.03, which provides that "a person may not drive any motor

---

[2]The Court notes that as a preliminary matter, Defendant argues that Plaintiff fails to "invoke any remedial statute" to enforce the constitutional rights he sets forth in his complaint. (Mot. 3.) Defendant further argues, and the undersigned agrees, that "[n]otwithstanding this omission, Plaintiff's allegations would not establish a cause of action even if he would have invoked the appropriate constitutional remedial statute." *Id.*

3

vehicle upon a highway in [Florida] unless such person has a valid driver's license. . . ." Fla. Stat. § 322.03(1). Florida Statutes section 322.39 provides that it is a second degree misdemeanor to drive without a valid driver's license. Fla. Stat. § 322.39. The Supreme Court has held that arrest for a minor criminal offense, such as a misdemeanor traffic violation, does not violate the Constitution. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). The Supreme Court also has held that an ordinary traffic stop is not subject to *Miranda* requirements. *Berkemer v. McCarty*, 468 U.S. 420, 438-40 (1984). The Court finds that Plaintiff's claim should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a cause of action for a violation of Plaintiff's constitutional rights and because the action is frivolous.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's suit shall be DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida this __7__ day of September, 2006.

URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

4